**UNITED STATES of America, Plaintiff-Appellant,**

v.

**KING FISHER MARINE SERVICE, Defendant-Appellee.**

No. 80–1379

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Feb. 20, 1981.

Rehearing Denied March 25, 1981.

James W. Moorman, Asst. Atty. Gen., Martin W. Matzen, Anne S. Almy, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Harris, Cook, Browning & Barker, Harrell Z. Browning, Corpus Christi, Tex., for defendant-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Since 1952 King Fisher Marine Services, Inc. has held a permit issued by the Army Corps of Engineers allowing dredging of a channel and turning basin in Chocolate Bay. The permit was renewed periodically to allow maintenance dredging. In 1973, however, the permit was renewed only on the condition that King Fisher also dredge three fish passes to facilitate both water circulation and fish passage. Two of the

three fish passes were dredged according to the permit specifications. This litigation, however, concerns the third.

The district court found, and it is undisputed on appeal, that the *location* of the third fish pass passes muster under the permit. It is also conceded that King Fisher dredged this third fish pass to a depth of ten feet, although the permit specified that the fish passes were to be dredged only to a depth of four feet. The district court found that King Fisher cut this pass "to satisfy the business needs of his company, with little regard for the requirements set by the government." Nevertheless, the court found that this discrepancy "did not substantially violate its Army Corps of Engineers permit," and, accordingly, entered judgment for King Fisher. The government contends that this constituted error on the part of the district court. We agree, and remand the case for determination of relief to which the United States is entitled.

Dredging operations, such as those under consideration here, may not be undertaken without a permit from the Army Corps of Engineers. Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403, "is structured as a flat prohibition *unless*—the unless being the issuance of approval by the Corps." *Zabel v. Tabb,* 430 F.2d 199, 207 (5th Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 873, 27 L.Ed.2d 808 (1971) (emphasis in original). The Corps may refuse or condition permits due to environmental concerns. *Id.,* 430 F.2d at 201, 207. Similarly, the Federal Water Pollution Control Act prohibits discharge of dredged spoil without a permit issued under § 404 of that Act, 33 U.S.C. § 1344. 33 U.S.C. § 1362(6). *See Weiszmann v. District Engineer, United States Army Corps of Engineers,* 526 F.2d 1302, 1306 (5th Cir. 1976). These statutes are mandatory in character, and require strict compliance with the permit issued by the Corps of Engineers.

Here the permit was specifically conditioned on the dredging of three fish passes of four feet in depth. King Fisher dredged one of those passes at a greater depth. Obviously, there was a violation of the permit, and the district court erred in deciding otherwise. Accordingly, we reverse the district court's judgment for King Fisher. We remand to the district court for a determination of the relief to which the United States is entitled. The district court has broad discretion, within the bounds of the governing statute, to fashion the appropriate relief.

REVERSED AND REMANDED.